# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

vs) **No. 14-1234** (Fayette County 14-F-28)

**Lesa M. Lewis,**
**Defendant Below, Petitioner**

**FILED**

August 31, 2015

**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Lesa M. Lewis, by counsel J.B. Rees, appeals the Circuit Court of Fayette County's October 10, 2014, order sentencing her to one to five years in prison for one count of conspiracy to commit a felony, in violation of West Virginia Code § 61-10-31; life with mercy for one count of kidnaping, in violation of West Virginia Code § 61-2-14; and thirty years in prison for one count of first-degree robbery, in violation of West Virginia Code § 61-2-12. The State of West Virginia, by counsel Derek A. Knopp, filed a response in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying her motions to strike two prospective jurors for cause.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In January of 2014, petitioner and four other individuals were indicted on one count of conspiracy to commit a felony, in violation of West Virginia Code § 61-10-31; one count of kidnaping, in violation of West Virginia Code § 61-2-14; and one count of first-degree robbery, in violation of West Virginia Code § 61-2-12. The indictment alleged that petitioner and four co-conspirators kidnaped and robbed an individual by taking him to an automated teller machine against his will and forcing him to withdraw money.

In August of 2014, petitioner's jury trial commenced in the Circuit Court of Fayette County. During jury *voir dire*, one prospective juror revealed that he was the brother-in-law of Larry Harrah, the assistant prosecuting attorney prosecuting petitioner's case. A second prospective juror revealed that she was a child protective services ("CPS") worker for the West Virginia Department of Health and Human Resources in Nicholas County, West Virginia. Both prospective jurors were specifically asked if they were biased or prejudiced for or against either party. Both prospective jurors answered that they were not. Based on these disclosures, petitioner made motions to strike both prospective jurors for cause. The circuit court denied petitioner's motions and found that there was no indication that either prospective juror possessed any bias or

1

prejudice in this matter. Petitioner did not seek individual voir dire of either prospective juror. However, she used two peremptory strikes to remove both prospective jurors from the jury panel. Therefore, those potential jurors did not participate in the jury's deliberation in petitioner's case. Following the presentation of evidence, argument, and deliberation, the jury returned a verdict of guilty on all counts.

In October of 2014, the circuit court held petitioner's sentencing hearing. Petitioner moved for probation, but the circuit court denied the motion and sentenced her to one to five years in prison for the conspiracy conviction; thirty years in prison for the first-degree robbery conviction; and life with mercy for the kidnaping conviction. All sentences were ordered to run consecutively to one another. This appeal followed.

This Court has held that

> "[i]n reviewing the qualifications of a jury to serve in a criminal case, we follow a three-step process. Our review is plenary as to legal questions such as the statutory qualifications for jurors; clearly erroneous as to whether the facts support the grounds relied upon for disqualification; and an abuse of discretion as to the reasonableness of the procedure employed and the ruling on disqualification by the trial court." *State v. Miller*, 197 W.Va. 588, 600-01, 476 S.E.2d 535, 547-48 (1996).

*State v. Sutherland*, 231 W.Va. 410, 412, 745 S.E.2d 448, 450 (2013).

On appeal, petitioner assigns error to the circuit court's denial of her motions to strike two prospective jurors for cause. Further, petitioner argues that she had to use peremptory challenges to correct the circuit court's error, and, therefore, was deprived of her statutory allotment of peremptory challenges.[1] We have held that

> [a] trial court's failure to remove a biased juror from a jury panel, as required by W.Va. Code § 62-3-3 (1949) (Repl.Vol.2010), does not violate a criminal defendant's right to a trial by an impartial jury if the defendant removes the juror with a peremptory strike. In order to obtain a new trial for having used a peremptory strike to remove a biased juror from a jury panel, a criminal defendant must show prejudice. The holding in Syllabus point 8 of *State v. Phillips*, 194 W.Va. 569, 461 S.E.2d 75 (1995), is expressly overruled.

*Sutherland* at 410, 745 S.E.2d at 448, Syl. Pt. 3. In *State v. Rollins*, 233 W.Va. 715, 760 S.E.2d 529 (2014), we explained that "*Sutherland* makes clear that unless a criminal defendant shows prejudice, a trial court does not commit reversible error when it fails to strike a juror for cause where a party uses a peremptory strike to eliminate the offending juror from the jury panel." In her brief to this Court, petitioner admits that she "does not claim any specific bias or prejudice of the jury eventually paneled in this matter." Instead, petitioner invites this Court to revisit its holdings in *Rollins* and *Phillips*, which was expressly overruled by *Sutherland*. As we stated in

---

[1]*See* W.Va. Code § 62-3-3 (regarding jury selection in felony cases).

*Sutherland*, the overwhelming majority of states require a showing of prejudice with regard to prospective jurors who are not ultimately empaneled because, when a criminal defendant has been tried before an unbiased jury, he or she has received exactly what the constitution guarantees. 231 W.Va. at 420, 745 S.E.2d at 458. Under the facts and circumstances presented in this case, we decline petitioner's invitation to deviate from our reasoning in *Sutherland*. Accordingly, despite petitioner's argument that both prospective jurors were biased against him, we find that no error occurred because both jurors were removed from the jury panel by peremptory challenge. Further, petitioner failed to demonstrate any resulting prejudice in the record on appeal from her use of those peremptory challenges. Petitioner was tried by an unbiased and impartial jury. Therefore, given the circumstances of this case, we find no error with regard to the circuit court's denial of petitioner's motions to strike these two prospective jurors for cause.

For the foregoing reasons, the circuit court's October 10, 2014, order is hereby affirmed.

Affirmed.

**ISSUED:** August 31, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II